UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60273-CR-DIMITROULEAS

UNITED STATES OF AMERICA

    v.

PENNY JONES,
MICHAEL D. BEITER, JR.,
DAVID CLUM, JR.,
DALE PETERS,
CHRISTOPHER MARRERO,
and
JOHN MICHAEL SMITH, JR.,

    **Defendants.**
_____/

## GOVERNMENT'S RESPONSE TO DEFENSE MOTION IN LIMINE REGARDING THE TERM "TAX PROTESTOR" AND "SOVEREIGN"

The United States of America respectfully submits this opposition to the defendants' motion *in limine* requesting an order prohibiting the prosecution from making statements or arguments that appeal to the jury's prejudices, emotions, or pecuniary interests by referring to defendants as "sovereigns" or "tax protestors" (docket no. 454).[1]

At the outset, the United States specifically disclaims any intention of appealing to the jury's pecuniary interests at trial. Such arguments are clearly improper. Moreover, they would

---

[1] A "tax protestor" is anyone who advocates and/or uses a scheme without basis in law or fact for the ostensible purpose of expressing dissatisfaction with the substance, form, or administration of the tax laws be either interfering with tax administration or attempting to illegally avoid or reduce tax liabilities. *See In re Kline*, 2002-1 U.S. Tax Cas. (CCH) ¶ 50,303; 89 A.F.T.R.2d (RIA) 952 (10th Cir., Feb. 8, 2002), which quotes the IRS's definition of a tax protestor. *See also United States v. Turano*, 802 F.2d 10, 11 (1st Cir. 1986) (approving the following jury instruction: "You may consider in deciding this case the defendant's state of mind, his/her philosophies and activities. If you find that the defendant is a tax protestor, you may consider that in determining what his/her state of mind was and whether or not he or she acted willfully."). Pursuant to the 1998 Internal Revenue Service Restructuring and Reform Act, IRS employees are prohibited by law from referring to individuals as "tax protestors." Section 3707, Public Law 105-206, 112 Stat. 685.

be without foundation, since the defendants' scheme resulted in less than $8 million of actual loss to the United States (although the intended loss was far higher). That is a lot of money, but a drop in the vast bucket of the federal budget. The OID scheme will not have any effect on the tax burden of individual jurors, and the government has no intention of arguing otherwise.

Equally inapposite is the defense claim that all the concept of "sovereignty" is synonymous with domestic terrorism or "militia" groups. The defense states (and we agree) Marrero (and the others) are drastically and fundamentally different than domestic terrorists. We know of no instance where any defendant has never resorted to violence in further his/her anti-tax beliefs, nor do we believe defendants to be violent person.[2]

Likewise, the United States generally agrees with the defendants' contention that it should not make statements or arguments at trial that are calculated to sway the jury based upon prejudice rather than reason. At the same time, it is a bedrock foundation of our legal system that the prosecution has a duty to advocate on behalf of the United States with zeal. For example, Justice Sutherland famously remarked that the government should "prosecute with earnestness and vigor," and that the government "may strike hard blows" and should "use every legitimate means" to bring about the conviction of a defendant where that is the just outcome of the case. *Berger v. United States*, 295 U.S. 78, 88 (1935). Judge Learned Hand similarly pointed out that, "the truth is not likely to emerge, if the prosecution is confined to such detached exposition as would be appropriate in a lecture, while the defense is allowed those long appeals in misericordiam [sic] which long custom has come to sanction." *United States v. Wexler*, 79

---

[2] This is less true as to David Clum whose statements about defying arrest were discussed in the government's detention motion. For example, at one seminar, which we intend to introduce at trial, Clum predicted his response to his arrest, stating: "as soon as they get the chains off me, the first damn question I'm going to ask the judge is, under what authority do you come before me today? I'm the sovereign." Beiter's conduct in the first case was also menacing. *See United States v. Beiter*, 09-cr-60202-Cohn, Docket Entry No. 37 (order of detention) at p. 3 ("He referred to the AUSA as "a criminal" and turned, according to the AUSA, aggressively toward her saying: 'It is coming down on you.' ").

F.2d 526, 530 (2d Cir. 1935); *see also United States v. Werme,* 939 F.2d 108, 117 (3d Cir. 1991) ("The prosecutor is entitled to considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence."). Likewise, in *United States v. Goichman*, 407 F. Supp. 980, 985 (E.D. Pa. 1976), the prosecutor argued in closing arguments that "people who pay taxes are the victims of people who evade their taxes" and drew an analogy "between the crime of tax evasion and other crimes such as bank robbery and burglary." The trial court found that these remarks did not improperly prejudice the defendant, noting that

> Both remarks were made in the context of trying to explain the difference between a civil and a criminal tax action, and to argue that tax evasion is a serious crime. These arguments in turn were required to meet a defense strategy aimed at downplaying the crime and emphasizing the existence of a civil remedy for the Government.

Jurisprudence is replete with opinions approving the prosecution's harsh description of a criminal tax defendant's conduct – including addressing the reasons why there is a valid public interest in prosecuting these crimes.

Courts have even held that membership in a tax protest organization supports an inference of criminal intent. *See United States v. Kotmair,* 87 A.F.T.R.2d (RIA) 1847 (4th Cir., Mar. 30, 2001) (noting defendant's membership in Save-A-Patriot Fellowship was probative of willfulness); *United States v. Brown*, 591 F.2d 307, 311 (5th Cir. 1979) (noting that defendant's membership in the Tax Rebels of Odessa was probative of defendant's willfulness); *United States v. House*, 617 F.Supp. 240, 244 (W.D. Mich. 1985) (noting that defendants' membership in Belanco, "a tax protest organization," is evidence of willfulness.). The reasons are obvious: strongly held anti-tax beliefs are probative of understanding of the law as conventionally understood by the courts and the IRS, as well as of an absence of mistake, among others.

These principles make it clear that the government is entitled to introduce into evidence, and comment upon, a defendant's anti-tax or anti-government beliefs or ideology. In this case,

the United States anticipates moving the admission of two recorded seminars hosted by Clum and a radio program hosted by Michael Beiter and Clum. These informational programs promote the OID methodology. Clum and Beiter use the term "sovereign," repeatedly refer to "sovereign" concepts, and identify the OID scheme as a "sovereign" or "patriot" program. Their general descriptions involve disclaiming bedrock legal obligations, such as the obligation to pay federal income tax or to possess a valid drivers license when driving a car.[3] They even make the farcical claim that the Courts with gold-fringed flags are admiralty or military courts, and therefore lack jurisdiction to adjudicate criminal cases. In adopting these mind-bendingly ludicrous theories, they self-identify as sovereigns. Therefore, it is hardly unfair for the government to use the same terms in argument. Moreover, during witness interviews, certain witnesses have – without prompting from the government – referred to certain defendants as sovereigns or stated that certain defendants used these terms. If a defendants self-identified as a sovereign and marketed the OID scheme as such, it is not unfairly prejudicial for the government to adopt the defendants' own characterization.

It is also worth noting that certain defendants' "sovereignty" ideology is relevant evidence of motive. "Motive is always relevant in a criminal case, even if it is not an element of the crime." *United States v. Hill*, 643 F.3d 807, 843 (11th Cir. 2011) (internal quotation omitted). The anti-tax, anti-government ideology displayed by Beiter and Clum in particular offers a second motive for the charged offenses: not only did they hope to obtain vast sums of easy money, but (doubly sweet) to obtain these funds from the hated IRS.

That said, after speaking with Mr. Rodriguez, we are mindful that the term sovereign can *in some cases* connote violent ambitions. Accordingly, the United States will be judicious in its

---

[3] Defendant Marrero and Peters were operating motor vehicles without a valid drivers license at the time of their arrest.

use of the term. The term "tax protestor" does not connote violence. The United States should be permitted to use it liberally.

WHEREFORE, the United States respectfully requests that the defendant's motion be denied in full.

**Dated:** 9/11/2012

Respectfully Submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

/s/ Bertha R. Mitrani
Bertha R. Mitrani
Assistant United States Attorney
Florida Bar No. 88171
500 E. Broward Boulevard
Fort Lauderdale, FL 33394
Phone (954) 356-7255, ext. 3511
Fax: (954) 356-7336
Email bertha.mitrani@usdoj.gov


/s/ *Jed M. Silversmith*
Jed M. Silversmith
Jonathan R. Marx
Trial Attorneys
U.S. Department of Justice, Tax Division
601 D Street NW, 7th Floor
Washington, DC 20004
Phone (202) 514-5145
Fax: (202) 514-0961
Email: jed.m.silversmith@usdoj.gov
Email: jonathan.r.marx@usdoj.gov

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2012, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Southern District of Florida, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  I also certify that attorneys not so noticed have been served in accordance with Fed. R. Crim. Pr. 49(b).

                        /s/ *Jed M. Silversmith*
                        Jed M. Silversmith
                        Trial Attorney
                        U.S. Department of Justice